IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES HARRIS,                              :
                                           :      CASE NO. 1:24-cv-00306
        Plaintiff,                         :
                                           :      JUDGE DOUGLAS R. COLE
v.                                         :      MAG JUDGE STEPHANIE K. BOWMAN
                                           :
WARDEN DONALD REDWOOD, *et. al.,*          :
                                           :
        Defendants.                        :


**ANSWER OF DEFENDANTS DUSTIN DEEMER, JASON LEWIS, SHAWN
REYNOLDS, MORLAN ROWLAND, JASON SMITH, JUSTIN JOHNSON, DALTON
KRITZWISER, AND JAMES YAZELL**

**WITH**

**JURY DEMAND ENDORSED HEREON**

**Now come** Defendants Dustin Deemer, Jason Lewis, Shawn Reynolds, Morlan Rowland, Jason Smith, Justin Johnson, Dalton Kritzwiser, and James Yazell ("Answering Defendants"), by and through the undersigned counsel, and for their answer to the complaint state as follows:

1.   Paragraphs 1 and 27 contain statements of intention to which no response is required. To the extent facts are alleged therein, they are denied.

2.   Paragraphs 2, 3, 10, 11, 29, 83, 90, 92, 93, 97, 103, 107, 113, 118, 123, 124, 125, 147, 148, 149, 150, 151, 157, 158, 160, 165, 167, 197, 198, 199, 202, 203, 204, 205, 213, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 256, 257, 265, 267, 268, 269, 270, 271, 272, 276, 287, 288, 289, and 292 are denied.

3.      Paragraphs 4, 5, 6, 7, 8,  28, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48,
        49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72,
        73, 74, 75, 76,77, 78, 79, 80, 81, 82,  84, 85, 86, 87, 88, 89, 91, 94, 95, 98, 99, 100, 101,
        104, 105, 106, 108, 109, 110, 111, 112, 116, 117, 119, 120, 122, 126, 127, 128, 129, 139,
        141, 142, 143, 144, 145, 146, 155, 163, 166, 168, 169, 170, 171, 172, 173, 174, 175, 176,
        177, 178, 179, 180, 181, 182, 183, 186, 187, 189, 190, 192,  200, 201, 210, 214 and 278
        are denied for want of knowledge.

4.      Paragraphs 121 and 209 are admitted.

5.      Paragraphs 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 96,
        102, 114, 115, 130, 131, 132, 133, 134, 135, 136, 137, 138,  140, 152, 153, 154, 156, 159,
        161, 162, 164, 184, 185, 188, 191, 193, 194, 195, 196, 206, 207, 208, 211, 212, 215, 241,
        242, 243, 254, 255, 259, 260, 261, 262, 263, 264, 265, 266, 273, 274, 275, 279, 280, 281,
        282, 283, 284, 285, 286, 290, and 291 state a legal conclusion to which no response is
        required.  To the extent facts are alleged therein, they are denied.

6.      In response to Paragraphs 216, 227, 240, 258, 277, Answering Defendants incorporate all
        prior responses as if fully restated herein.

7.      All facts and allegations not expressly admitted herein are hereby denied.


                                    **FIRST DEFENSE**

8.      Plaintiff's complaint fails to state a claim upon which relief may be granted.


                                    **SECOND DEFENSE**

9.      Answering Defendants are entitled to absolute, qualified and/or statutory immunity.


                                            2

**THIRD DEFENSE**

10.    At all times, Answering Defendants acted reasonably and in good faith.

**FOURTH DEFENSE**

11.    With respect to the conditions of Plaintiff's confinement and medical care, Answering

Defendants relied on the directives of medical and psychological professionals.

**FIFTH DEFENSE**

12.    Plaintiff's damages, if any, were the result of events and/or the conduct of third parties over

whom the Answering Defendants had no control or authority.

**SIXTH DEFENSE**

13.    Plaintiff's damages, if any, were the result of Plaintiff's own acts or omissions.

**SEVENTH DEFENSE**

14.    Plaintiff's claims for declaratory judgment are barred by the doctrines of waiver, estoppel,

laches, and unclean hands.

**EIGHTH DEFENSE**

15.    Plaintiff was not subject to conditions which were objectively serious enough to constitute

cruel and unusual punishment.

## NINTH DEFENSE

16.    To the extent Plaintiff seeks injunctive relief against Answering Defendants, this claim is barred because an adequate remedy at law is available (and pled).

## TENTH DEFENSE

17.    Plaintiff failed to exhaust his administrative remedies.

## ELEVENTH DEFENSE

18.    To the extent Plaintiff is asserting, or trying to assert, any claims against Answering Defendants as a supervisor, this claim fails because Plaintiff cannot prove the supervisor knew or should have known there was danger that a subordinate would engage in alleged unconstitutional conduct, and that the supervisor had the authority to take steps to prevent the alleged unconstitutional conduct yet failed to act.

## TWELFTH DEFENSE

19.    Answering Defendants' actions were necessary and reasonable because of, and in response to, Plaintiff's acts and omissions.

20.    Answering Defendants acted in good faith with reasonable care and with good faith execution of prison policy.

21.    The actions taken by Answering Defendants were not deliberately indifferent to the Plaintiff's serious medical needs or concerns.

22.    Answering Defendants did not know of and disregard an excessive risk to Plaintiff's health or safety.

23.     Answering Defendants reserve the right to assert additional affirmative and other defenses in law or fact that may be shown to be applicable through discovery, further investigation, or otherwise.

**WHEREFORE**, Defendants Dustin Deemer, Jason Lewis, Shawn Reynolds, Morlan Rowland, Jason Smith, Justin Johnson, Dalton Kritzwiser, and James Yazell respectfully request this Court (1) dismiss Plaintiff's complaint with prejudice; (2) award Defendants reasonable attorney fees as the prevailing party; (3) assess costs to Plaintiff; and (4) order any other relief deemed necessary and proper by the Court.

Respectfully submitted,

**ISAAC WILES & BURKHOLDER, LLC**

*/s/ Aaron M. Glasgow*
Brian M. Zets (0066544) – Trial Attorney
bzets@isaacwiles.com
Aaron M. Glasgow (0075466)
aglasgow@isaacwiles.com
Scott O. Sheets (0076837)
ssheets@isaacwiles.com
Michael S. Loughry (0073656)
mloughry@isaacwiles.com
Two Miranova Place, Suite 700
Columbus, Ohio 43215
TEL:  614.221.2121
FAX:  614.365.9516
*Counsel for Defendants*

### DEMAND FOR JURY TRIAL

Answering Defendants together and individually, hereby request a trial by jury on all issues so triable in Plaintiff's complaint.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of March 2025, I electronically filed a copy of the foregoing *Answer of Defendants Dustin Deemer, Jason Lewis, Shawn Reynolds, Morlan Rowland, Jason Smith, Justin Johnson, Dalton Kritzwiser, and James Yazell with Jury Demand Endorsed Hereon* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  All Parties may access this filing through the Court's system.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow